UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

RAMON DEL VALLE,

    Plaintiff,

v.

NATIONAL ARMORY LLC d/b/a
GUNWAY POMPANO BEACH,
a Florida limited liability company, and
DANIEL FAIRES, individually.

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, RAMON DEL VALLE ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, NATIONAL ARMORY LLC d/b/a GUNWAY POMPANO BEACH ("GUNWAY"), and DANIEL FAIRES ("FAIRES"), individually, (hereinafter collectively referred to as "Defendants"), on behalf of himself, and alleges as follows:

### INTRODUCTION

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, GUNWAY, was a Florida limited liability company located and transacting business within Pompano Beach, Florida, within the jurisdiction of this Honorable Court. GUNWAY is headquartered and operates its principal location at 1315 SW 1st Court, Pompano Beach, Florida 33069.

4. Defendant, GUNWAY, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During pertinent times to Plaintiff's employment, Defendant, FAIRES, was a resident of the Southern District of Florida, and was Manager and operator of the Defendant company within Pompano Beach, Florida.

6. During pertinent times to Plaintiff's employment, Defendant, FAIRES, was over the age of 18 years, an officer and/or managing member of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, GUNWAY, during the relevant time period.

7. Defendant, FAIRES, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Pompano Beach, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, GUNWAY, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

**GENERAL ALLEGATIONS**

11. Defendant, GUNWAY, is a firearm warehouse and gun range that has been providing services to individuals in the State of Florida and throughout the United States since at least 2009.

12. Defendant, GUNWAY, also provides repairs, modifications, and special finishes to firearms and other weapons, including knives, blades, bows and arrows, and pepper spray.

13. According to its own website, Defendant GUNWAY, operates a two-floor gun range consisting of fifteen lanes at its South Florida location.  www.nationalarmory.org

**FLSA COVERAGE**

14. Defendant, GUNWAY, is covered under the FLSA through enterprise coverage, as GUNWAY was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, GUNWAY's business and Plaintiff's work for GUNWAY affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, TPC, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

15. During his employment with Defendant, GUNWAY, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to: computers, cell phones, clothing, firearms, knives, blades, bows, arrows, ammunition, rifle scopes, ear protection, and firearm holsters.

16. Defendant, GUNWAY, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and

materials handled by Plaintiff, thus making Defendant, GUNWAY an enterprise covered by the FLSA.

17. Upon information and belief, Defendant, GUNWAY, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and is expected to gross in excess of $500,000.00 in 2019.

18. During all material times hereto, Plaintiff was subject to individual coverage under the FLSA as the customer service duties he performed during his employment required him to be regularly and recurrently engaged in the instrumentalities of interstate commerce, including the interstate mail system by virtue of Plaintiff's regular and recurring involvement in the shipment of packages to recipients outside the State of Florida.

19. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, GUNWAY and FAIRES within the meaning of the FLSA.

20. During this time period, Plaintiff (i) did not have supervisory authority over more than two (2) individuals; (ii) did not make any decisions of importance on behalf of GUNWAY; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

## PLAINTIFF'S WORK FOR DEFENDANTS

21. Plaintiff began working for Defendants on or about September 2017, and continued to do so until his termination in May 2019.

22. During all times periods pertinent to this Complaint, Plaintiff performed customer service duties for GUNWAY.

23. Plaintiff worked an average of fifty (50) hours per week.

24. Plaintiff was an hourly employee whose regular hourly rate was twenty-four dollars ($24.00) per hour.

## INDIVIDUAL EMPLOYER LIABILITY

25. During pertinent times to Plaintiff's employment, Defendant, FAIRES, oversaw the day-to-day operations of GUNWAY and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, FAIRES, also controlled the payroll practices and policies of the company.

26. Defendant, FAIRES, further demonstrated his control and supervision of GUNWAY employees by creating promotional marketing videos that Defendant, FAIRES, posted on social media websites, in which FAIRES would refer to himself as "Texas Dan."

27. Within these promotional videos, Defendant, FAIRES, (a/k/a "Texas Dan") would instruct GUNWAY employees, including Plaintiff, to perform various tasks, and demonstrate firearms in an attempt to increase and drive sales in the store.

28. During the relevant time period, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

29. Defendants refused to pay Plaintiff proper compensation for overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours per week.

30. Moreover, Defendants refused to compensate Plaintiff at the proper overtime rate required by the FLSA for all hours worked in excess of forty (40) during the relevant time period.

31. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

32. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 31 as though set forth fully herein.

33. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

34. During the time period relevant to this lawsuit, Plaintiff worked an average of fifty (50) hours per week, for which he was not properly compensated.

35. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

36. Plaintiff therefore claims the time-and-a-half rate for each hour worked in excess of forty (40) per week.

37. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

38. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, RAMON DEL VALLE, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, NATIONAL ARMORY LLC d/b/a GUNWAY POMPANO and DANIEL FAIRES, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, NATIONAL ARMORY LLC d/b/a GUNWAY POMPANO and DANIEL FAIRES, jointly and severally; (b) all reasonable attorney's

fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, RAMOND DEL VALLE, requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of October 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Ramon Del Valle*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Stephanie@jordanrichardspllc.com*
*Mike@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 25, 2019.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**